UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN A. BAX,

    Plaintiff,

 v.

NANCY A. BERRYHILL, Deputy Commissioner of the Social Security Administration for Operations,

    Defendant.

CASE NO. 3:17-CV-05245-JRC

ORDER ON PLAINTIFF'S COMPLAINT

  This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 13, 17, 18.

  After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence regarding plaintiff's post traumatic stress

disorder ("PTSD"). The ALJ found that one of the examining clinical psychologists had conducted "extensive testing," and had provided conclusions that are supported by such testing, as well as being supported by the doctor's "significant supporting explanations." AR. 75. However, the ALJ singled out and failed to credit fully one particular opinion with a conclusory finding that the clinical psychologist's one opinion "substantially overstates the claimant's limitations in this area." *Id.* The ALJ does not offer any reason as to why he believes that the clinical psychologist's opinion regarding this one particular limitation is a substantial overstatement of plaintiff's limitations. This is a legal error.

Because this error is not harmless, as fully crediting it could lead a reasonable ALJ to a finding of disability, this matter is reversed and remanded to the Administration for further proceedings consistent with this Order.

## BACKGROUND

Plaintiff, JOHN A. BAX, was born in 1965 and was 37 years old on the alleged date of disability onset of September 1, 2002. *See* AR. 221-26, 227-33. Plaintiff has his GED and is certified in hazmat/bio-hazmat cleanup. AR. 89.

According to the ALJ, plaintiff has at least the severe impairment of "post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c))." AR. 50.

At the time of the hearing, plaintiff was living with a roommate. AR. 89.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act ("the Act") were denied initially

and following reconsideration. *See* AR. 112, 113, 151, 152. Plaintiff's requested hearing was held before Administrative Law Judge S. Andrew Grace ("the ALJ") on April 14, 2015. *See* AR. 85-111. On August 21, 2015, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Act. *See* AR. 45-84.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly evaluated the medical evidence; (2) plaintiff's testimony; (3) the lay evidence; (4) plaintiff's residual functional capacity (RFC), past relevant work, and the steps four and five findings; and (5) Whether the new evidence submitted to the Appeals council shows that the ALJ's decision is not supported by substantial evidence and/or that it is based on legal error. *See* Dkt. 13, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1) **Whether the ALJ properly evaluated the medical evidence.**

Among other things, plaintiff contends that the ALJ erred when failing to include all the opinions from examining doctor, Dr. Todd D Bowerly, Ph.D., regarding plaintiff's limitations into plaintiff's residual functional capacity ("RFC"). *See* Dkt. 13, pp. 2-7. Defendant contends that there is no error. *See* Dkt. 17.

On May 22, 2015, Dr. Bowerly examined plaintiff, performed "extensive testing," and diagnosed plaintiff with PTSD. *See* AR. 669; *see also* AR. 75. Among other opinions, Dr. Bowerly opined that plaintiff suffered from marked limitations in the ability to respond appropriately to usual work situations and changes in a routine work setting, based on plaintiff's PTSD. AR. 673.

The ALJ gave significant weight to Dr. Bowerly's opinions, generally, finding that they "are supported by the extensive testing of the claimant he performed and significant supporting explanations." *See* AR. 75. However, the ALJ did not credit fully the opinion from Dr. Bowerly that plaintiff suffered from marked limitations in the ability to respond appropriately to usual work situations and changes in a routine work setting. *See id.; see also* AR. 673.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

Here, when failing to credit fully the opinions from Dr. Bowerly, the ALJ indicated that this opinion "substantially overstates the claimant's limitations in this

area." AR. 75. However, the ALJ does not offer any rationale in support of this conclusion, but instead, simply makes the conclusory statement.

According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted). Here, this Ruling that an ALJ must explain why a medical opinion is not adopted into a RFC is not plainly erroneous or inconsistent with the Social Security Act or regulations.

The ALJ erred by failing to explain why he did not adopt Dr. Bowerly's opinion regarding plaintiff's marked limitations in the ability to respond appropriately to usual work situations and changes in a routine work setting. *See id.* Making a conclusion is not the same thing as providing an explanation.

Defendant relies on the note from the ALJ that plaintiff's "concerns, so far as they are valid, have been addressed by limiting the claimant's [RFC] to simple, routine, repetitive tasks in low-stress work." AR. 75.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at 792 F.3d 1170 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (citing *Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the question is whether the failure to credit fully an opinion from an examining doctor that plaintiff suffers from marked limitations in the ability to respond appropriately to usual work situations and changes in a routine work setting is harmless because this opinion sufficiently is accommodated by limitation to "simple, routine, repetitive tasks in low-stress work." AR. 75. However, just because the tasks that a worker must perform are simple, routine, and repetitive, does not mean that there will not be changes in the work *setting* or that there will not be work situations that require an appropriate response. Therefore, the Court cannot conclude with confidence that no reasonable ALJ, when fully crediting [Dr. Bowerly's opinion], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless.

Defendant contends that the ALJ also relied on plaintiff's activities, including volunteering, when failing to credit fully Dr. Bowerly's opinion regarding marked limitations. *See* Dkt. 17, p. 7. However, the ALJ's written decision indicates no reliance on this factor when discussing Dr. Bowerly's opinion. *See* AR. 75.

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not

uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196).

Although the ALJ discussed this factor of volunteering when failing to credit Dr. Morgan's opinion, in contrast to defendant's implication that the ALJ relied on it when failing to credit fully Dr. Bowerly's opinion, the ALJ instead indicated that "Dr. Bowerly's opinions on the claimant's abilities are altogether more consistent . . . . with the claimant's admissions concerning his activities and friends of the Carpenter." AR. 75. Therefore, it is not logical that the ALJ then contradicted himself to find that Dr. Bowerly's opinions on the claimant's abilities are not consistent with plaintiff's volunteering with his church.

Therefore, for the reasons stated and based on the record as a whole, this matter is reversed and remanded to the Administration for further proceedings, as requested by plaintiff. *See* Dkt. 18, p. 10.

**(2) Whether the ALJ properly evaluated plaintiff's testimony and the lay evidence.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Similarly, the lay evidence should be evaluated anew following remand of this matter.

**(3) Whether the ALJ properly assessed plaintiff's RFC, improperly determined plaintiff's past relevant work, and erred by basing his step four and five findings on his erroneous RFC assessment; and whether the new evidence submitted to the Appeals Council shows that the ALJ's decision is not supported by substantial evidence and/or that it is based on legal error.**

Similarly, the RFC, as well as the remainder of the sequential disability evaluation procedure should be evaluated anew following remand of this matter, as should the new evidence submitted to the Appeals Council.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 6th day of April, 2018.

J. Richard Creatura
United States Magistrate Judge